# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

THOMAS CANTORE,

                    **Plaintiff,**

-against-

RAYMOND KELLY,  POLICE COMMISSIONER,
NEW YORK CITY POLICE DEPARTMENT; and as
CHAIRMAN OF THE BOARD OF TRUSTEES, ARTICLE
II. POLICE PENSION FUND; NEW YORK CITY POLICE
DEPARTMENT; BOARD OF TRUSTEES,
ARTICLE II POLICE PENSION FUND;
THE CITY OF NEW YORK,

                    **Defendant(s)**

-------------------------------------------------------------------X

CIVIL CASE No._____

## **COMPLAINT**

## **JURY TRIAL DEMANDED**

      **Here Comes, Thomas Cantore**, the Plaintiff in the above entitled matter, and

who by and through his attorney, ***Ivan Raevski, Esq***, does hereby file the within ***COMPLAINT***,

against each of the defendant(s), as named in the above entitled matter,  in their official and

individual capacity, and in support thereof, Respectfully states and alleges as follows:

## JURISDICTION

1-  That this Honorable Court has jurisdiction pursuant **Title 28 USC Section 1331**, wherein the plaintiff's claims present a Federal Question, ( The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.)

## VENUE

2-  That venue lies in this Honorable Court pursuant to Title 28 Section 1391 (b) (2), wherein this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

## THE PARTIES

## THE PLAINTIFF

3-  That Thomas Cantore, is the Plaintiff in the above entitled matter and is more than 18 years of age, a Citizen of the United States of America, a resident of Staten Island NY, a Retired New York City Police Officer, Rank of Lieutenant, who was erroneously and involuntarily Retired, at the behest of the Defendants named in the above entitled matter on an Ordinary Disabilty Pension, in 2008 Rank of Lieutenant), as a result of an **incontrovertible Heart Condition**, preventing him from performing full Police Duty.

## THE DEFENDANTS

## FIRST

## DEFENDANT RAYMOND KELLY, POLICE COMMISSIONER

## NEW YORK CITY POLICE DEPARTMENT

4- That Defendant Raymond Kelly, was the Police Commissioner of the Defendant New York City Police Department, therefore responsible for the Operation & Management of all Department affairs, additionally Defendant Kelly was the Chairman of the Defendant Board of Trustees Article II Police Pension Fund.

## SECOND

## DEFENDANT NEW YORK CITY POLICE DEPARTMENT

5- That the Defendant *"New York City Police Department",* is the duly organized Police Department having jurisdiction to provide professional Police services for the City of New York, and the Plaintiff was a sworn Member of the Service.

## THIRD

## DEFENDANT BOARD OF TRUSTEES, ARTICLE II POLICE PENSION FUND

6- That the Defendant **"BOARD OF TRUSTEES, ARTICLE II POLICE PENSION FUND"** is the legal entity, organized under the Laws of The State of New York, to Administer, Grant, and Pay, the pensions of its Member, New York City Police Officers.

## FOURTH

## DEFENDANT " CITY OF NEW YORK"

7-  That the Defendant *"CITY OF NEW YORK",* is a Municipal Corporation, organized as a

locality, under The Laws of The State of New York, and Responsible legal entity, to Operate and

Maintain a Police Department, to provide Police Services within its jurisdiction.

## BACKGROUND OF THE CASE

8-  The instant case at Bar is prosecuted by the Plaintiff, Thomas Cantore, a Retired New

York City Police Lieutenant , who served 18 years and 11 months, employed as a Police Officer,

City of New York, New York City Police Department, when he was Retired on the

Application of NYPD Police Commissioner Raymond Kelly, and Awarded an Ordinary Disabilty

Retirement based upon an incontrovertible Medically Documented Heart Condition (70%

unstentable Blockage/Right Ventricle Artery).

9-  That at the time of Plaintiff's Retirement, (2008), New York City Police Officers were

covered under the *"Heart Bill",* as promulgated by the New York State Legislature,  and codified

under *207-k of the General Municipal Law,* granting NYC Police Officers and Firefighters a

*"presumption"* , that any Heart Condition during the time of employment was job related,

entitling the Retiree to a *75% ( Final Average Salary)Tax Free Accidental Disability Pension*,

(*which Plaintiff had submitted application for (emphasis added*) as opposed to the lesser *50%*

*(final Average Salary) Taxable Ordinary Disability Retirement*, which the Defendants

NYPD/Police Commissioner Raymond Kelly, filed Plaintiff's Application under.

10- That the Defendant's competing Ordinary Disabilty Pension Application, alleged that the Plaintiff's "Heart Condition" was caused by other factors, to wit *"obesity",* causing High Blood Pressure and hence the *"Heart Condition".*

11- *Importantly,* Both the Plaintiff's Application for Accidental Disabilty, pursuant to 207-k "Heart Bill", and the Defendant Kelly Application filed on behalf of the Plaintiff, for the lesser Ordinary Disability Pension are *submitted together to be Reviewed and Decided by, the Defendant Board of Trustees, Article II Police Pension Fund*, an entity which Defendant NYPD/ Police Commissioner Raymond Kelly, also serves as Chairman of.

12- The Plaintiff will assert on grounds as set forth herein and more fully below, that the Defendant Police Commissioner Raymond Kelly, in serving as Police Commissioner and Chairman of the Defendant Article II Police Pension Fund, has an *"Inherent Conflict of Interest",* Which compromise Defendant Article II Police Pension Fund, from providing a *"Fair and Impartial"* review of an applicant, when Defendant NYPD, Police Commissioner Raymond Kelly has filed a competing application, and he holds a position of authority, or influence over the Defendant Board of Trustees, Article II Police Pension Fund.

13- There is no doubt and it is well understood among the Rank & File Police officer, that the Defendant Article II Police Pension Fund, is a politically corrupt institution, where if you have a hook…or you a High Ranking Relative within the Department, or City Administration, you can receive a favorable pension award with a sprained pinky, while others who are targeted by the Department, or a victim of the Administrations' Political Agenda, although eligible for the

benefit, will be DENIED!

14-  That Defendant Article II Police Pension Fund, systemically fails to provide a fair and impartial review, and it is more about who you know, than what condition you are suffering from.

15- That the Trustees of the Defendant Article II Police Pension Fund, abrogate the Constitution & laws at will, depriving their victims of jealously guarded Constitutional Rights, and protections, intended to provide a true, Fair and Impartial Review.

16-  That once the Plaintiff's Heart Condition was diagnosed by a **Cauterization, (the Gold Standard of Cardio Testing)**, and it was learned that the Plaintiff suffered from a **70% (unstentable ) blockage of the Right Ventricle Artery**, requiring him to be placed on Restricted Duty status, he was subjected to a **"Campaign of Harassment"**, initiated by the Defendants, who while acting under the **"color of law"**,  with **knowledge, intent, and malice, and an animus towards the Plaintiff**, used the Campaign of Harassment,  to **"Drum plaintiff out"**, but on the Defendants terms, and contrary plaintiff's federally protected rights, or other benefits of law,

17-  That the Defendants acting **vicariously,  wantonly, wrongfully, willfully, and intentionally**, while  **acting under the "color of law"**, with **malice**, deprived the Plaintiff of his statutory property Rights, (207-k "Heart Bill") to receive and be rightfully Retired on an Accidental Disabilty Pension, as opposed to the lesser Ordinary Disability Pension.

18- That the Defendants motivation was twofold, as set forth more fully below, with both

motives violating the Fourteenth Amendment of the United States Constitution, (Due Process & Equal Protection Clauses); Title 42 Section 1983, Civil Right Law, and 207-k General Municipal Law.

19-   That the plaintiff upon being wrongfully denied his rightful statutory Accidential Disability Retirement Pension by the Defendant Board of Trustees, Article II Police Pension Fund, based upon an Application of Defendants  NYPD/City of New York and NYC Police Commissioner Raymond Kelly, filed an Article 78 Petition, in the New York State Supreme Court, New York County, with the Petition being denied and dismissed by a sitting Judge who was an appointee of the Defendant City of New York, entering an *"arbitrary and capricious"* opinion without a single citation, and merely *"rubber stamping"* , the adverse findings of the Defendant Board of Trustees, Article II, Police Pension Fund.

20-   That the Plaintiff filed a timely Appeal of the NY County Supreme Court Ruling, in the Appellate Court, First Department, where the application was vicariously "stonewalled" by the Defendants and or their agents, failing to timely transfer the Record of the case from the Supreme Court to the Appellate Court, then failing to submit a timely answer to Plaintiff Brief, with one adjournment following the other, only to be dismissed on procedural grounds, with no hearing before the Court on the Merits, despite that the Plaintiff was ready, yet deprived of proceeding before the Court.

21 -   That the Plaintiff now files this instant Federal Action, in pursuit of his day in Court, and redress to the Defendants wrongful, unlawful, pattern and practice of conduct, while acting under the *"color of law"*, depriving the Plaintiff of his substantial Federal and Statutory Rights.

## **FACTS COMMON TO ALL COUNTS**

- That the Plaintiff is a citizen of the United States of America, and;

22- That as a citizen of the United States of America, the Plaintiff is entitled to all *rights, privileges and immunities*, secured by the United States Constitution and laws, and;

23- That the Plaintiff was appointed to the New York City Police Department and sworn in as a Probationary Police Officer in 1989, and;

24- That the Plaintiff when passing his Medical Examination for appointment to employment as a New York City Police Officer, weighed 295 pounds, and;

25- That Plaintiff was successfully promoted to the Rank of Sergeant in 1995, in the Defendant City of New York, New York City Police Department, and was not denied promotion by the Defendants because of his weight (approximately 305 pounds), and;

26- That the Plaintiff was again successfully promoted to the Rank of Lieutenant in 2004, in the Defendant City of New York, New York City Police Department, and once again was not denied promotion by the Defendants because of his weight (310 pounds), and;

27- That the Defendants first raised the Plaintiff's weight as a *ruse* to deny him Accidental Disability Benefit Pension upon Plaintiff's application for Accidental Disability Retirement, pursuant to the "Heart Bill", 207-k of the General Municipal Laws, claiming the Plaintiff's Heart Condition was caused by "obesity" and therefore should be denied the presumption of job related as mandated by the "Heart Bill".

28- That the Plaintiff is 6' 2" tall and was 315 pounds when the Defendants classified him as *"obese"*, only 20 pounds more than when he was first employed by the Defendants.

29- That in light of the Plaintiff's Medically documented, incontrovertible Heart Condition (70% unstentable Blockage Right Coronary Artery), the Defendants did while acting under the *"color of law"*, *wantonly, intentionally, and maliciously,* deprive the Plaintiff of his Statutory Right to his Accidental Disability Pension Retirement, as promulgated and codified under *207-k of the General Municipal Law,* with the Defendant Board of Trustees Article II Police Pension Fund, granting the Plaintiff the lesser Ordinary Disability Pension, at the behest of co-defendants, influence, or urging, *wrongfully* depriving the Plaintiff of his *fundamental property right,* to wit, tens of thousands of dollars in lost pension benefits.

30- That the Defendants while acting under the *"color of law"*, with *malice and intent, wrongfully,* deprived the Plaintiff of his fundamental federal Right to *due process,* (as secured under the United States Constitution Fourteenth Amendment) in securing Plaintiff Accidental Disability Pension, pursuant to his *incontrovertible Heart* condition, in failing to provide the plaintiff a *"fair and impartial"* review of Plaintiff Disability Application by the Defendant Board of Trustees Article II Police Pension Fund, and;

31- That the Defendants while acting under the *"color of law"*, with *malice and intent, wrongfully,* deprived the Plaintiff of his fundamental federal Right to *"equal protection of law"*, (as secured under the United States Constitution Fourteenth Amendment) in securing Plaintiff Accidental Disability Pension, pursuant to his *incontrovertible Heart* condition, in failing to provide the plaintiff a *"fair and impartial"* review, (as granted others similarly situated),   by the Defendant Board of Trustees Article II Police Pension Fund, at the behest of co-defendants, influence, or urging, and;

32- That in light of the Plaintiff's Medically documented, incontrovertible Heart Condition (70% unstentable Blockage Right Coronary Artery), the Defendants did while acting under the *"color of law"*, *wantonly, intentionally, and maliciously,* deprive the Plaintiff of his Statutory Right to his Accidental Disability Pension Retirement, as promulgated and codified under *207-k of the General Municipal Law,* with the Defendant Board of Trustees Article II

Police Pension Fund, granting the Plaintiff the lesser Ordinary Disability Pension, at the behest of co-defendants, influence, or urging, ***wrongfully*** depriving the Plaintiff of his ***fundamental property right***, to wit, tens of thousands of dollars in lost pension benefits.

33- That the Plaintiffs rights, privileges and immunities are federally protected rights, pursuant to Title 42 Section 1983 of the United States Code.

34- That the Defendants while acting under the ***"color of law", did wantonly, intentionally, and maliciously***, conspire to deprive the Plaintiff of his ***fundamental*** federal Rights as secured under ***Title 42 Section 1983*** of the United States Code, and in depriving the Plaintiff a ***"fair and impartial"*** Review of his Application for Accidental Disability Pension, the Defendants abrogated Plaintiff's federal right to be protected by the United States Constitution and Federal Laws, with the Defendants violating the Plaintiff's Fourteenth Amendment Right to due process and equal protection and Title 42 Section 1983.

35- That Defendant Raymond Kelly, Police Commissioner New York City Police Department, did vicariously cause the Plaintiff to be subjected to a "campaign of harassment", by the Medical Department, who requested that the Plaintiff voluntarily return to full duty, despite Plaintiff medically documented Heart condition, for a short period of time, with the hidden agenda of qualifying the Plaintiff for continued Police Department federal funding under the federal "Safe City Safe Streets" program, and;

36- That when the Plaintiff refused to return to full duty even for a short period of time, (for fear of suffering a Heart attack and potential death) he was threatened by the Police Surgeon to be referred for psychiatric evaluation by the Department, a common tactic of the Department intended to create fear in the Plaintiff, that if he were retired for psychiatric reasons Plaintiff would be ***disqualified*** from possessing his firearms as a Retired New York City Police Officer, and;

37-   That the Defendants acting with a greater scheme to eliminate the Accidental Disability Pension protections for all future hires for financial reasons, *wrongfully, intentionally, and maliciously, while acting under the "color of law", deprived the Plaintiff* of his statutorily protected Accidental Disability Pension benefits as codified under 207-k of the General Municipal Law, granting the Plaintiff the *"presumption"* that his incontrovertible Heart condition was job related, and instead Defendant Raymond Kelly, Police Commissioner, New York City Police Department, filed an Application for Plaintiff's disability retirement, seeking a classification of Ordinary Disability Retirement as opposed to Accidental Disability Retirement

38-   That Defendant Raymond Kelly, Police Commissioner New York City Police Department, also serves as the *"Chairman"* of the Defendant Board of Trustees, Article II Police Pension Fund, a position of trust, which he misused, through his influence over the Defendant Board, to deprive the Plaintiff of his statutorily protected right to an Accidental Disability Pension Award, and;

39-   That Defendant Raymond Kelly, while serving as Police Commissioner of the New York City Police Department and *"Chairman"* of the Defendant Article II, Police Pension Fund, suffers from an *incontrovertible conflict of interest*, used to *wrongfully, intentionally and maliciously, while acting under the "color of law"*, deprive the Plaintiff of a *fair and impartial* review, in accord with the mandates of due process, equal protection of law (Fourteenth Amendment U.S. Constitution) and in violation of Title 42 Section 1983, and 207-k (NYS) General Municipal Law.

40-   *Title 42 Section 1983 states in essential part as follows;*

*Sec. 1983. – "Civil action for deprivation of rights*
*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the*

*party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia".*

41-  That the Plaintiff is a citizen of the United States of America, within the meaning of Title 42 Section 1983, and;

42-  That as a citizen of the United States of America, the Plaintiff is entitled to all ***rights, privileges and immunities***, secured by the United States Constitution and laws, and;

43-  That the Plaintiffs rights, privileges and immunities are federally protected rights, pursuant to Title 42 Section 1983 of the United States Code,

44-  That the Fourteenth Amendment of the United States Constitution provides in essential part as follow:

## AMENDMENT XIV

*Passed by Congress June 13, 1866. Ratified July 9, 1868.*
**Section 1.**

*"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."*

45- That the Defendant(s), by and through their unlawful pattern and practice of conduct, *willfully, intentionally, wrongfully, and unlawfully, while acting under the "color of law",* deprived the Plaintiff of his *fundamental Right* to "due process" and *"equal protection of law"*, as secured and guaranteed under the *Fourteenth Amendment of the United States Constitution*, and prohibited under federal law, as codified under *Title 42 Section 1983*, and;

46- That the Defendant(s) did while acting under the *"color of law",* act with Malice, and Contempt for the law, (207-k NYS General Municipal Law) which holds a *presumption* that any Heart Disease (Condition) suffered by a Police Officer Employed by the New York City Police Department (during the applicable period), is entitled to an Accidental Disability Pension, Awarded at the Rate of 75% of their Final Average salary as opposed to 50% which is Awarded under Ordinary Disability provisions, and;

47- That the presumption granted the Plaintiff, pursuant to 207-k General Municipal Law, must first be overcome by the Defendants in order to deny the Plaintiff his Fundamental Property Right to a Accidental Disability Pension as provided for and protected by law, (207-k/ General Municipal Law) and;

48- That the Defendant(s) , in denying the Plaintiff 's application for Accidental Disability Retirement, did so with an *animus* towards the Plaintiff, and a wanton disregard for the Plaintiff's Property Rights as codified under 207-k, NYS General Municipal Laws, *with intent* to deprive the Plaintiff of his substantial, Fundamental Property Rights, while acting under the *"color of law"*, and;

49- That the Defendant(s), acted together in a greater collective scheme, to ultimately eliminate the 75%, Tax Free, Accidental Disability Pensions for all Police Officers, employed by Defendant(s) City of New York and Raymond Kelly, Police Commissioner of the New York City Police Department, and Chairman of Defendant Article II, Police Pension Fund, a change which has been enacted as of the time of this writing, and;

50-  That the Defendant(s), collectively, jointly and severally, acting with *Malice, Contempt, Intent, and under the "color of law", wrongfully and unlawfully, abrogated* the Plaintiff's *Fundamental Property Rights*, to Plaintiff rightful Award of an Accidental Disability Pension, as provided for under *207-k of the NYS General Municipal Law*, with the Defendant(s) having decided to eliminate the Accidental Retirement Benefit totally, covering all future hires of the Defendant(s), while wrongfully denying those applicants like the Plaintiff of their prior Rights, and;

51-  That when the Plaintiff was denied an Accidental Disability Pension pursuant to

207-k of the NYS General Municipal Laws, Plaintiff filed an Article 78 Petition, in NYS Supreme Court Manhattan County for review, with the case being assigned to a Supreme Court Judge who was an appointee of the Defendant City of New York, and who rendered an arbitrary and capricious decision, without a single citation, merely rubber stamping and affirming the Defendant Board of Trustees, Article II Police Pension Fund denial of Plaintiff Application for Accidental Disability Retirement, and;

52-  That the Plaintiff next filed an appeal from the denial of the Article 78 Review in the

Appellate Division NYS Supreme Court First Department, where Plaintiff Appeal was never reviewed by the Court on the Merits, and instead *wrongfully* dismissed for procedural default which was contrived by the Defendants.

## COUNT ONE
## FOURTEENTH AMENDMENT
## DUE PROCESS

53-  That here the Plaintiff, restates and realledges, each and every fact, averment, or

law as set forth more fully above in paragraphs 1-52 inclusive, and further states in support of

the prosecution of Count One of this instant Complaint as follows;

54-    *That  Count One* is prosecuted against Defendant(s),  RAYMOND KELLY, as POLICE

COMMISSIONER, NEW YORK CITY POLICE DEPARTMENT; and as CHAIRMAN OF THE BOARD

OF TRUSTEES, ARTICLE ll POLICE PENSION FUND; NEW YORK CITY POLICE DEPARTMENT;

Board of Trustees, ARTICLE II POLICE PENSION FUND; and, THE CITY OF NEW YORK, and;

53-  That the Defendant(s) while acting under the *"color of law",* had an *animus*

towards the Plaintiff, and *wrongfully, intentionally and maliciously*, conspired to deprive the

Plaintiff of a *"fair and impartial"*  Review of his Accidental Disability Pension Application, and

hence his property right to a 75% tax free Pension Award, and *due process, in violation of the*

Fourteenth Amendment of the United States Constitution, and;

54-  WHEREFORE the Plaintiff Respectfully Demands, a Jury Trial and Money Judgment

for Damages and Injunctive Relief to wit:

(a) an Injunction against the Defendants Mandating that they rescind the Decision of
the Defendant Board of Trustees Article Two Police Pension Fund Retiring the
Plaintiff on an Ordinary Disability Retirement, and Grant the Plaintiff a *nun pro tunc*
Accidental Disability Retirement Pension, pursuant to 207-k of the NYS General
Municipal Law , with all future and retroactive Retirement Allowance, together with
interest, and;
(b) Five Million Dollars ($5,000,000.00) in Money Damages for violation of Plaintiff
Fundamental Federal Rights (due process) as secured under the Fourteenth
Amendment of the United States Constitution, and;
(c) Five Million Dollars ($5,000,000.00) in Money Damages, for punitive damages
against each of the Defendants, and;

(d) All Reasonable Court Costs and Legal Fees, and;

(e) Any other or different relief as this Honorable Court may deem necessary and just under the circumstances.

## COUNT TWO
## FOURTEENTH AMENDMENT
## EQUAL PROTECTION OF LAW

55-   That here the Plaintiff, restates and realledges, each and every fact, averment, or law as set forth more fully above in paragraphs 1-54 inclusive, and further states in support of the prosecution of Count Two of this instant Complaint as follows;

55-   *That  Count Two* is prosecuted against Defendant(s),  RAYMOND KELLY, as POLICE COMMISSIONER, NEW YORK CITY POLICE DEPARTMENT; and as CHAIRMAN OF THE BOARD OF TRUSTEES, ARTICLE ll POLICE PENSION FUND; NEW YORK CITY POLICE DEPARTMENT; Board of Trustees, ARTICLE II POLICE PENSION FUND; and, THE CITY OF NEW YORK, and;

56-   That the Defendant(s) while acting under the *"color of law",* had an *animus* towards the Plaintiff, and *wrongfully, intentionally and maliciously*, conspired to deprive the Plaintiff of  *"equal protection of law",* in violation of Plaintiff  Constitutional Rights as codified under the Fourteenth Amendment of the United States Constitution, and;

57-   That Defendants *wrongfully* denied the Plaintiff his Statutory Rights , in depriving the Plaintiff of his fundamental property Right to an Accidental Disability Pension

pursuant to 207-k of the NYS General Municipal Law, a pension which was granted to all others

similarly situated with a Medically Documented Heart Condition  and;


58- **WHEREFORE** the Plaintiff Respectfully Demands, a Jury Trial and Money Judgment

for Damages and Injunctive Relief to wit:

(f) an Injunction against the Defendants Mandating that they rescind the Decision of the Defendant Board of Trustees Article Two Police Pension Fund Retiring the Plaintiff on an Ordinary Disability Retirement, and Grant the Plaintiff a **nun pro tunc** Accidental Disability Retirement Pension, pursuant to 207-k of the NYS General Municipal Law , with all future and retroactive Retirement Allowance, together with interest, and;

(g) Five Million Dollars ($5,000,000.00) in Money Damages for violation of Plaintiff Fundamental Federal Rights (equal protection of law) as secured under the Fourteenth Amendment of the United States Constitution, and;

(h) Five Million Dollars ($5,000,000.00) in Money Damages, for punitive damages against each of the Defendants, and;

(i) All Reasonable Court Costs and Legal Fees, and;

(j) Any other or different relief as this Honorable Court may deem necessary and just under the circumstances.


## COUNT THREE
## TITLE 42 SECTION 1983

59- That here the Plaintiff, restates and realledges, each and every fact, averment, or

law as set forth more fully above in paragraphs 1-58 inclusive, and further states in support of

the prosecution of Count Three of this instant Complaint as follows;


60- **That Count Three** is prosecuted against Defendant(s),  RAYMOND KELLY, as POLICE

COMMISSIONER, NEW YORK CITY POLICE DEPARTMENT; and as CHAIRMAN OF THE BOARD

OF TRUSTEES, ARTICLE II POLICE PENSION FUND; NEW YORK CITY POLICE DEPARTMENT;

Board of Trustees, ARTICLE II POLICE PENSION FUND; and, THE CITY OF NEW YORK, and;

    61- That the Defendant(s) while acting under the *"color of law"*, had an *animus*

towards the Plaintiff, and ***wrongfully, intentionally and maliciously***, conspired to deprive the

Plaintiff of **his federally protected Constitutional Rights,** as codified under the Fourteenth

Amendment of the United States Constitution, and in violation of Title 42 Section 1983, and;

    62- **WHEREFORE** the Plaintiff Respectfully Demands, a Jury Trial and Money Judgment

for Damages and Injunctive Relief to wit:

(k) an Injunction against the Defendants Mandating that they rescind the Decision of the Defendant Board of Trustees Article Two Police Pension Fund Retiring the Plaintiff on an Ordinary Disability Retirement, and Grant the Plaintiff a *nun pro tunc* Accidental Disability Retirement Pension, pursuant to 207-k of the NYS General Municipal Law , with all future and retroactive Retirement Allowance, together with interest, and;

(l) Five Million Dollars ($5,000,000.00) in Money Damages for violation of Plaintiff Fundamental Federal Rights (Civil Rights)) as secured under Title 42 Section 1983 and;

(m) Five Million Dollars ($5,000,000.00) in Money Damages, for punitive damages against each of the Defendants, and;

(n) All Reasonable Court Costs and Legal Fees, and;

(o) Any other or different relief as this Honorable Court may deem necessary and just under the circumstances.

## COUNT FOUR
## 207-k NYS GENERAL MUNICIPAL LAW

63- That here the Plaintiff, restates and realledges, each and every fact, averment, or

law as set forth more fully above in paragraphs 1-62 inclusive, and further states in support of

the prosecution of Count Four of this instant Complaint as follows;

64- *That Count Four* is prosecuted against Defendant(s), RAYMOND KELLY, as POLICE

COMMISSIONER, NEW YORK CITY POLICE DEPARTMENT; and as CHAIRMAN OF THE BOARD

OF TRUSTEES, ARTICLE II POLICE PENSION FUND; NEW YORK CITY POLICE DEPARTMENT;

Board of Trustees, ARTICLE II POLICE PENSION FUND; and, THE CITY OF NEW YORK, and;

65- That the Defendant(s) while acting under the *"color of law"*, had an *animus*

towards the Plaintiff, and *wrongfully, intentionally and maliciously*, conspired to deprive the

Plaintiff of  his fundamental Property Rights, to wit an Accidental Disability Pension Retirement,

pursuant to the *"Heart Bill"*, as promulgated and codified under *207-k of the NYS Genera,* and;

66- *WHEREFORE* the Plaintiff Respectfully Demands, a Jury Trial and Money Judgment

for Damages and Injunctive Relief to wit:

(p) an Injunction against the Defendants Mandating that they rescind the Decision of
   the Defendant Board of Trustees Article Two Police Pension Fund Retiring the
   Plaintiff on an Ordinary Disability Retirement, and Grant the Plaintiff a *nun pro tunc*
   Accidental Disability Retirement Pension, pursuant to 207-k of the NYS General
   Municipal Law , with all future and retroactive Retirement Allowance, together with
   interest, and;

(q) Five Million Dollars ($5,000,000.00) in Money Damages for violation of PLaintiff's Fundamental Statutory Rights as promulgated and codified under 207-k of the NYS General Municipality Law, and;

(r) Five Million Dollars ($5,000,000.00) in Money Damages, for punitive damages against each of the Defendants, and;

(s) All Reasonable Court Costs and Legal Fees, and;

(t) Any other or different relief as this Honorable Court may deem necessary and just under the circumstances.


PLAINTIFF THOMAS CANTORE


Ivan Raevski, Esq.
*Counsel for Plaintiff*
246 Bridge St,
Metuchen, NJ, 08840
Tel No. (551)-427-4428
Fax (908)-576-0981


Dated: November 6, 2013

## CERTIFICATION

That I Thomas Cantore am the Plaintiff in the above entitled matter and I am Represented by Ivan Raevski, Esq., Attorney at Law, Licensed under the laws of the State of New York and New Jersey.

I have personally perused the Complaint and am confident that it is an accurate presentation of facts as I have explained them to my legal Counsel.

I do hereby State, Declare, and Certify, that the Facts, Averments and Law as set forth herein are true and correct to the best of my knowledge and belief.

**Thomas Cantore**

**Dated:  September 19th, 2013**
**State of New York**
**County of Richmond**